J-S53025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PATRICK BROWN :
:
Appellant : No. 2404 EDA 2017

Appeal from the PCRA Order June 23, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0605961-2006,
CP-51-CR-0606151-2006, CP-51-CR-0606161-2006

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY OTT, J.:                          **FILED NOVEMBER 1, 2018**

Patrick Brown appeals from the order entered June 23, 2017, in the

Philadelphia County Court of Common Pleas, dismissing as untimely filed his

serial petition for collateral relief filed pursuant to the Post Conviction Relief

Act ("PCRA").[1]   Brown seeks relief from the judgment of sentence of an

aggregate term of 15 to 30 years' imprisonment, imposed on December 18,

2006, and July 12, 2007, following his conviction of sexual offenses against

minors in three separate cases.  On appeal, he asserts the PCRA court erred

in dismissing the petition as untimely filed when:  (1) the mandatory minimum

sentencing statutes that tainted his guilty plea negotiations have been

declared unconstitutional; (2) his claim qualifies as a newly discovered fact

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

pursuant to the PCRA's timing exceptions; (3) his status as a sexually violent predator ("SVP") is also unconstitutional; and (4) trial counsel rendered ineffective assistance.

The facts and procedural history underlying this appeal are well known to the parties and we need not recite them herein. In summary, on December 18, 2006, Brown entered a guilty plea in the following three cases involving the sexual assault of a minor:[2] (1) at Docket No. 605961-2006, he pled guilty to attempted aggravated indecent assault[3] on victim, R.D.; (2) at Docket No. 606161-2006, he pled guilty to rape, endangering the welfare of a child, and corruption of minors[4] for his assault on victim, D.D.; and (3) at Docket No. 606151-2006, he pled guilty to indecent assault and endangering the welfare of a child[5] for his assault on victim, L.D. That same day, he was sentenced to an aggregate term of 15 to 30 years' imprisonment for the charges at Docket Nos. 605961-2006 and 606161-2006. Sentencing for Docket No. 606151 was deferred so that an assessment could be conducted to determine if Brown was a sexually violent predator ("SVP") under the now-repealed

---

[2] At least one of the victims was Brown's biological daughter, and none of the victims were over the age of 10 at the time of the respective assaults.

[3] **See** 18 Pa.C.S. §§ 901 and 3125.

[4] **See** 18 Pa.C.S. §§ 3121, 4304, and 6301, respectively.

[5] **See** 18 Pa.C.S. §§ 3126 and 4304.

Megan's Law.[6]  On July 12, 2007, the trial court determined Brown met the criteria for classification as an SVP, and sentenced him to a term of five to 10 years' imprisonment, to run concurrently to the other sentences.  No direct appeal was taken.

Brown filed a *pro se* PCRA petition on August 11, 2008, listing all three dockets.  After counsel was appointed and petitioned to withdraw, the PCRA court dismissed the petition as to Docket Nos. 605961-2006 and 606161-2006 on April 8, 2010.  The petition at Docket No. 606151-2006 remained pending for possible future filings, until it was formally dismissed on October 12, 2012. Brown did not appeal either the April 2010 or October 2012 orders dismissing his first petition.

On July 23, 2010, Brown filed a second, *pro se* PCRA petition at Docket Nos. 605961-2006 and 606161-2006.[7]  The PCRA court subsequently dismissed the petition as untimely filed on October 18, 2012.  Brown filed an appeal, and on May 19, 2014, a panel of this Court affirmed the PCRA court's order in a memorandum decision.  **See Commonwealth v. Brown**, 104 A.3d 51 (Pa. Super. 2014) (unpublished memorandum).

---

[6] **See** 42 Pa.C.S. § 9795.4 (repealed).  Effective December 20, 2012, Megan's Law was replaced by the Sexual Offenders Registration and Notification Act ("SORNA").  **See** 42 Pa.C.S. §§ 9799.10-9799.41 (as amended 2011, Dec. 20, P.L. 446, No. 111, § 12).

[7] As noted above, the first PCRA petition filed at Docket No. 606151-2006 was still pending at that time.

Thereafter, on November 17, 2015, Brown filed the instant PCRA petition, *pro se*, his third at Docket Nos. 605961-2006 and 606161-2006, and his second at Docket No. 606151-2006. He filed an amended petition on December 18, 2015. On September 2, 2016, the PCRA court issued notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the petition as untimely filed. Brown filed three *pro se* responses to the court's Rule 907 notice. On June 23, 2017, the PCRA court entered an order dismissing Brown's petition. This timely appeal follows.[8]

On appeal, Brown contends the trial court erred in dismissing his petition as untimely filed. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted).

Here, the PCRA court concluded Brown's petition was untimely filed, and Brown failed to establish the applicability of one of the time-for-filing exceptions. **See** PCRA Court Opinion, 12/20/2017, at 4-7.

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id**.

---

[8] On July 31, 2017, the PCRA court ordered Brown to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Brown complied with the court's directive, and filed a concise statement on August 14, 2017.

***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S. § 9545(b)(1). Brown's judgment of sentence at Docket Nos. 605961-2006 and 606161-2006, was final on January 17, 2007, and his sentence at Docket No. 606151-2006 was final on August 11, 2007, 30 days after the court imposed the sentences and the time for filing a direct appeal expired. Therefore, the petition before us, filed more than eight years later, is patently untimely. **See also Brown**, **supra**, 104 A.3d 51 (unpublished memorandum) (holding Brown's prior PCRA petition was untimely filed).

Nevertheless, an untimely petition may still be considered if "the petition alleges and the petitioner proves" one of the following three time-for-filing exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. **See** 42 Pa.C.S. § 9545(b)(2).

Here, Brown attempts to invoke the previously unknown facts exception set forth in Subsection 9545(b)(1)(ii). He claims:

> [U]nknown to [him] at the time he was sentenced, and for which he could not uncover through the exercise of due diligence, [] he was the subject of a mandatory minimum sentence statute of 18 Pa.C.S. § 3121(a)(1); Rape by forcible compulsion. And sentenced to (10) to (20) years of imprisonment, and not sentenced to (5) to (10) years under the prescribed statutory maximum sentence statute of 18 Pa.C.S. § 3121.

Brown's Brief at 14. Further, Brown insists the mandatory minimum sentence he received was ruled unconstitutional in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), which "applied the principles" of **Alleyne v. United States**, 570 U.S. 1 (2013).[9] **Id.** We find this argument fails for several reasons.

First, upon our review of the record we can find no indication that Brown was sentenced to a mandatory minimum term. Indeed, there was no reference to a mandatory during either of his sentencing hearings. **See generally** N.T., 12/18/2006 and 7/12/2007. Second, assuming, *arguendo*, he was sentenced to a mandatory minimum ten-year term for rape, Brown

---

[9] We note Brown's argument is misplaced because the rape statute, codified at 18 Pa.C.S. § 3121, does not provide for a mandatory minimum sentence. We presume Brown is referring to 42 Pa.C.S. § 9718, which provides for mandatory minimum sentences when the victim of a crime is less than 16 years of age.

can not obtain relief pursuant to the newly discovered facts exception to the PCRA's timing requirements. It is well-established that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." ***Commonwealth v. Watts***, 23 A.3d 980, 987 (Pa. 2011). Third, even if Brown had brought his claim under the newly recognized constitutional right exception, set forth in Subsection 9545(b)(1)(iii), the Pennsylvania Supreme Court has held "***Alleyne*** does not apply retroactively to cases pending on collateral review." ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016). Accordingly, Brown's first argument fails.

However, Brown also insists he is entitled to relief because "[t]he mandatory minimum sentence tainted the negotiated plea agreement." Brown's Brief at 18. Relying upon ***Commonwealth v. Melendez-Negron***, 123 A.3d 1087 (Pa. Super. 2015), he argues, "any negotiated sentence premised on the consideration of a now discredited mandatory minimum sentence statute, is per se illegal." Brown's Brief at 18. Nevertheless, because Brown failed to include this claim in either his initial or amended petition, it is waived for our review. ***See Commonwealth v. Edmiston***, 851 A.2d 883, 889 (Pa. 2004) ("Claims not raised in the PCRA court are waived and cannot be raised for the first time on appeal to this Court.").

Next, Brown argues his designation as an SVP "was ruled to be unconstitutional" in ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. July 31, 2018). Brown's Brief at 21. He further maintains this "new ruling of constitutional law" was unknown

- 7 -

to him previously and could not have been ascertained by the exercise of due diligence, and he filed this claim within 60 days of the date it could be presented. ***Id.***

By way of background, on July 17, 2017, two days before Brown filed the instant appeal, the Pennsylvania Supreme Court, in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), *cert. denied*, 138 S.Ct. 925 (U.S. 2018), concluded SORNA's registration provisions constitute punishment, and, therefore, the retroactive application of those provisions violates the *ex post facto* clauses of the federal and Pennsylvania constitutions. Thereafter, on October 31, 2017, while Brown's present appeal was pending, a panel of this Court, in ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018), held the statutory mechanism for designating a defendant as an SVP set forth in 42 Pa.C.S. § 9799.24(e)(3) was "constitutionally flawed" pursuant to the United States Supreme Court's decisions in ***Alleyne v. United States***, 570 U.S. 99 (2013), and ***Apprendi v. New Jersey***, 530 U.S. 466 (2000). Accordingly, the ***Butler*** panel held: "[T]rial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism."[10] ***Butler***, ***supra***, 173 A.3d at 1218.

---

[10] As noted above, the Supreme Court granted allowance of appeal in the ***Butler*** case, framing the issue as follows:

Although Brown recognizes he did not include this claim in either his original or amended PCRA petitions, he insists it is not waived because he raised it within 60 days of the date the **Butler** decision was filed *via* a motion for leave to amend his concise statement. **See** Brown's Reply Brief at 4; Motion for Leave to Amend 1925(b) Statement, 11/13/2017.

Brown's attempt to bootstrap this claim onto the present appeal fails. His only avenue for relief is to file another PCRA petition within 60 days of the date this appeal is affirmed, absent any further appeal to the Pennsylvania Supreme Court. As our Court sitting *en banc* recently observed:

> In **Commonwealth v. Lark**, 560 Pa. 487, 746 A.2d 585 (2000), our Supreme Court held that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Id.** at 588. Our Supreme Court reasoned that "[a] second appeal cannot be taken when another proceeding of the same type is already pending." **Id.** (citation omitted). Where a petitioner attempts to raise a subsequent, independent claim for relief during the pendency of an earlier PCRA petition, his or her "only option is to raise it within a second PCRA petition filed within [60] days of the date of the order that finally resolves the [pending] PCRA petition[.]" **Commonwealth v. Steele**, 599 Pa. 341, 961 A.2d 786, 808–809 (2008).

---

Whether the Superior Court of Pennsylvania erred in vacating the trial cour"s Order finding [Respondent] to be [a Sexually Violent Predator ("SVP") ] by extrapolating the decision in [**Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017),] to declare SVP hearings and designations unconstitutional under 42 Pa.C.S. § 9799.24(e)(3).

**Butler**, **supra**, 190 A.3d at 582.

***Commonwealth v. Montgomery***, 181 A.3d 359, 363 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018). Accordingly, no relief is warranted.[11]

In his final claim, Brown asserts the ineffective assistance of prior counsel for failing to challenge his purported mandatory minimum sentence and SVP determination "at trial, at sentencing, or on direct appeal." Brown's Brief at 22. However, once again, because Brown failed to raise this claim in either his original or amended PCRA petitions, it is waived. ***See Edmiston***, ***supra.*** Furthermore, he fails to demonstrate how this claim overcomes the PCRA's timing restriction. Accordingly, Brown is entitled to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/18

---

[11] We caution Brown, however, that if he does intend to file another PCRA petition based upon ***Butler***, he will still be required to plead and prove the applicability of one of the timing exceptions, and to date, ***Butler*** has not been held to apply retroactively to cases on collateral review by the Pennsylvania Supreme Court. ***See*** 42 Pa.C.S. § 9545(b)(1)(iii).